UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ANDREW BEDWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   3:14-cv-00081-RLY-WGH |
| | ) |
| | ) |
| AETNA, INC., d/b/a AETNA HEALTH | ) |
| INSURANCE COMPANY, and | ) |
| MERITAIN HEALTH, INC., | ) |
| | ) |
| Defendants. | ) |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S REQUEST FOR ORAL ARGUMENT**

Plaintiff, Andrew Bedwell, brings a denial of benefits claim under his employer-sponsored health insurance plan. The Defendants, Meritain Health, Inc. and Aetna, Inc., d/b/a Aetna Health Insurance Company, now move for dismissal pursuant to Rule 12(b)(6) for failure to state a claim. Plaintiff requests oral argument on the issue. For the reasons set forth below, the court **GRANTS** Defendants' Motion to Dismiss and **DENIES** Plaintiff's Request for Oral Argument.

**I.     Background**

On July 6, 2011, Plaintiff, was injured in a motor vehicle accident and was treated for his injuries at Deaconess Hospital in Evansville, Indiana. (Am. Compl. ¶¶ 1, 2). Plaintiff's Amended Complaint alleges each Defendant breached the terms of his

1

employer-funded health insurance policy by "refus[ing] to make the contractually mandated payment to Deaconess Hospital." (*Id*. ¶¶ 6, 10).

At the time of the accident, Plaintiff was insured under an ERISA-governed plan, entitled the "AmeriQual Group, LLC Group Health Plan" (the "Plan[1]"). (*Id*. ¶ 3; Ex. A, § 1 at 1). A copy of the Plan documents is attached as Exhibit A to the Amended Complaint. The Plan defines the Plan Administrator as "the Company" and the Plan Supervisor as Meritain Health, Inc. (Ex. A, § 3.65; Ex. A, § 3.66, as amended by the Sixth Amendment to January 2005 Restatement of AmeriQual Group, LLC Group Health Plan). As Plan Supervisor, Meritain Health provides claims administration services. (Ex. A, § 3.66, at 18). Defendant, Aetna, Inc., owns Meritain Health. (Am. Compl. ¶ 9).

## II.   Request for Oral Argument

Plaintiff filed a request for oral argument. The court finds oral argument is not necessary for a full and fair resolution of this case. Accordingly, Plaintiff's Request for Oral Argument is **DENIED**.

## III.   Discussion

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when it "allows the court to draw the reasonable inference that the

---

[1] The word—"plan"—is admittedly confusing. A plan for ERISA purposes is not the document but the employee-benefits plan. *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 911-12 (7th Cir. 2013).

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendants argue there is no contract between Plaintiff and Meritain and Plaintiff and Aetna; therefore, they cannot be held liable for breach of contract. Plaintiff does not dispute the fact that a contract does not exist between Plaintiff and Defendants. Instead, Plaintiff argues that he is a third-party beneficiary to a contract alleged to exist between Meritain and AmeriQual.

The resolution of this motion turns on the law of ERISA. "[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Aetna Health, Inc. v. Davila*, 452 U.S. 200, 209 (2004) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65–66 (1987)). Thus, "claims by a beneficiary for wrongful denial of benefits (no matter how they are styled) have been held by the Supreme Court to 'fall [ ] directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes.'" *Vallone v. CNA Fin. Corp.*, 375 F.3d 623, 638 (7th Cir. 2004) (quoting *Taylor*, 481 U.S. at 62-63). Plaintiff's claims, whether styled as breach of contract claims or third party beneficiary claims, seek benefits due under an ERISA-governed plan. Accordingly, Plaintiff's claims are preempted.

Having so found, the court must determine whether the facts, as alleged by Plaintiff, "support any kind of relief." *McDonald v. Household Intern, Inc.*, 425 F.3d 424, 429 (7th Cir. 2005). The facts as alleged in Plaintiff's Amended Complaint give rise

to the plausible inference that *a party* is liable for the denial of benefits under ERISA. For purposes of a denial of benefits claim, the proper defendant is the party having the obligation to pay. *Larson v. United Health Ins. Co.*, 723 F.3d 905, 913 (7th Cir. 2013) ("[A] cause of action for 'benefits due' must be brought against the party having the obligation to pay."). Normally, that party is the ERISA plan itself. *Id*. (citing *Feinberg v. RM Acquisition, LLC*, 629 F.3d 671, 673 (7th Cir. 2011)).

Plaintiff correctly points out that Meritain, as Plan Supervisor, provides "claims administration services," (Ex. A, § 3.66 at 18), and is "responsible for adjudicating Claims for Benefits," (*id*., § 14.03 at 66). But under the terms of the Plan documents, only the Plan has the ultimate obligation to pay. (Ex. A, § 6 at 34) ("On receipt of satisfactory proof of claim, the Plan will pay benefits up to the maximum shown in the Schedule of Benefits for Major Medical Benefits"); *see also id.*, § 14 at 65 ("Benefits will be paid under this Plan only if the Plan Administrator decides, in its discretion, that the Covered Person is entitled to them."). The proper defendant in this case is, therefore, the Plan itself.

In the alternative, Plaintiff seeks leave to amend his Amended Complaint. As he has sued the wrong defendant, Plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 15(c)(1)(C). *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010). If Plaintiff reasonably believes he can satisfy those requirements, his motion for leave should be filed on or before August 10, 2015.

## IV. Conclusion

Plaintiff's claim for breach of contract premised on a denial of benefits under his ERISA-governed Plan is preempted by ERISA. As such, Plaintiff should have brought his action against the Plan. Accordingly, Defendants' Motion to Dismiss (Filing No. 33) is **GRANTED**, and Plaintiff's Request for Oral Argument (Filing No. 38) is **DENIED**.

**SO ORDERED** this 23rd day of July 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.